IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT G. LOPEZ, an individual, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. |
| COAT OF ARMS, LLC, MITCHELL & NESS NOSTALGIA, COMPANY, AND HANESBRANDS, INC. | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION AND RELATED CLAIMS**

Plaintiff, Robert G. Lopez, alleges his complaint against Defendants, Coat of Arms, LLC, Mitchell & Ness Nostalgia Company, and Hanesbrands, Inc. as follows:

**NATURE OF THE ACTION**

1. This action arises from Defendants' infringement of Plaintiff's "ownership" and "use" rights in the marks LOWER EAST SIDE™ and LES NYC™, in conjunction with clothing, namely caps and t-shirts. Despite Plaintiff being the registered owner of the trademarks LOWER EAST SIDE™ and LES NYC™ and offering various clothing items under such brand names, the defendants' have infringed Plaintiff's rights in the LOWER EAST SIDE™ and LES NYC™ marks by manufacturing, selling, offering for sale and advertising caps and t-shirts under Plaintiff's trademarks.

2. Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the source of the goods under such

marks and as to the affiliation or connection between the Defendants' and Plaintiff resulting in the unjust enrichment of Defendants' by using Plaintiff's registered and common law trademarks.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq.*, 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a) and Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c) and 28 U.S.C. §1367.

4.  This Court has personal jurisdiction over the defendants' because defendants are either companies registered with the NYS Department of State Division of Corporations (**See Exhibit A**) and/or because defendants' engage in continuous and significant business activities in, and directed to the State of New York within this judicial district, and because defendants' have committed tortuous acts aimed at and causing harm within the State of New York and this judicial district.

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the defendants' transact business and/or maintain an office or business location in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district. Furthermore, the damage to Plaintiff and its intellectual property described herein continues to occur in this judicial district.

## THE PARTIES

6.  Plaintiff, Robert G. Lopez is an individual residing at 230 Clinton Street, Apt. #11C, New York, NY 10002.

7. Upon information and belief, Defendant Coat of Arms, LLC is a New York Limited Liability Company with a place of business at 43 Clinton Street, New York, New York 10002.

8. Upon information and belief, Defendant Mitchell & Ness Nostalgia Company is a Pennsylvania corporation with a place of business at 121 S Broad Street 4, Philadelphia, Pennsylvania 19107.

9. Upon information and belief Defendant Hanesbrands, Inc. is a Maryland corporation with a place of business at 1000 East Hanes Mill Road, Winston Salem, North Carolina 27105.

## FACTS

10. Since at least as early as 1997, Plaintiff Robert G. Lopez has been selling t-shirts, caps and other clothing items under the LOWER EAST SIDE™ brand name.

11. Since at least as early as 1999, Plaintiff has been independently operating a clothing business under the trade name L.E.S. CLOTHING CO.™, which has sold t-shirts, caps and other related clothing items in interstate commerce under the marks LOWER EAST SIDE™ and LES NYC™.

12. In addition to selling and offering for sale clothing items under the LOWER EAST SIDE™ and LES NYC brand names, Plaintiff has also continuously sold and offered for sale various clothing items including caps and t-shirts which bear the LOWER EAST SIDE™ and LES NYC™ marks in various fonts and design styles which are prominently displayed on the front and/or back of the caps and t-shirts in an ornamental way.

13. Plaintiff uses the LOWER EAST SIDE™ and LES NYC™ marks as a trademark and source identifier by printing the aforementioned marks on the inside neck area of t-shirts where a brand name is normally displayed, on clothing tags that are sewn on the bottom of the t-

shirts, sweaters and other clothing items, on hang tags that are affixed to the clothing items and on stickers that are used on the plastic packaging of individual clothing items. **(See Exhibit B).**

14. Plaintiff is the registered owner of New York State Trademark Registration No. R31067 for the mark LOWER EAST SIDE™. **(See Exhibit C).**

15. Plaintiff is the registered owner of New York State Trademark Registration No. R31259 for the mark LES NYC™. **(See Exhibit D).**

16. Plaintiff is the owner of United States Trademark Serial Application No. 85/335,314 for the mark LES NYC™. **(See Exhibit E).**

17. Plaintiff is the owner of several United States copyright registrations for LOWER EAST SIDE™ and/or LES™ artwork or designs. **(See Exhibit F).**

18. Plaintiff is also the registered owner of the domain name www.lesclothing.com.

19. Plaintiff sells, markets and promotes the sale of his LOWER EAST SIDE™ and LES NYC™ clothing via his website www.lesclothing.com, through other online and retail media outlets that affect interstate commerce and through product order forms.

20. Plaintiff advertises his LOWER EAST SIDE™ and LES NYC™ brands and clothing items through flyers, posters, stickers and through grass root street marketing methods such as painted "street murals." Plaintiff also regularly conducts photo shoots of customers who purchase his LOWER EAST SIDE™ and LES NYC™ clothing items to be included in magazine advertisements and marketing materials. **(See Exhibit G).**

21. Plaintiff uses the "™" symbol on all of his advertising materials including his promotional flyers, product stickers, order forms, etc. to indicate and put the public on notice that he is claiming trademark rights in the particular marks. In fact, in addition to using the ™ symbol, on Plaintiff's flyer is specifically states "all designs and/or logos are copyrighted and

4

trademarked works and the property of L.E.S. Clothing Co." Moreover, plaintiff's trade name L.E.S. Clothing Co. in and of itself indicates that Plaintiff uses the L.E.S. mark which is an abbreviation of LOWER EAST SIDE™ to refer to a clothing company or clothing items under such brand name. **(See Exhibit H)**.

22.     Plaintiff has acquired secondary meaning in the LOWER EAST SIDE™ and LES NYC™ marks in connection with clothing based upon his long standing, continuous and exclusive use of both trademarks in interstate commerce in connection with clothing for over 10 years.

23.     Plaintiff's LOWER EAST SIDE™ and LES NYC clothing items have been featured in several music videos and worn by celebrities including actor and comedian John Leguizamo, comedian Sergio Chicon, Hot 97's radio personality DJ Enuff and have appeared on hip-hop websites including www.hiphopgame.com, etc.

24.     Plaintiff has actively policed his trademarks and other intellectual property rights by previously enforcing his ownership and use rights in the LOWER EAST SIDE™ and LES NYC™ trademarks and copyrights against several other clothing retailers.

25.     Plaintiff has appeared and been written about in the NY Post, Adweek Magazine and on numerous websites including www.boweryboogie.com, www.dnainfo.com, www.gothamist.com, and on numerous other online media sites regarding his enforcement of the LOWER EAST SIDE™ and LES NYC™ brands.

26.     Plaintiff is informed and thereon alleges that sometime in the beginning of 2011 defendants' manufactured, introduced and began marketing, selling and offering for sale caps, Jerseys and/or other clothing items under the marks LES NY and LOWER DECK SIDE as well as promoted and advertised such items in conjunction with the LOWER EAST SIDE™ mark.

27.     Plaintiff alleges that sometime in or around October of 2011 he was contacted by a customer of his LOWER EAST SIDE™ and LES NYC™ clothing items and was asked If he

was behind the LES NY caps that were being sold by defendants at its store. Upon further investigating this matter, Plaintiff learned that the defendants' in conjunction with each other were manufacturing, selling and offering for sale caps and shirts that infringe Plaintiff's trademarks. **(See Exhibit I)**.

28. Defendant Coat of Arms, LLC has a retail store located at 43 Clinton Street which sells the infringing products.

29. Defendant Mitchell & Ness Nostalgia Company manufactured the infringing LES NY cap that is sold by Coat Of Arms, LLC and they commonly promote the product online through various websites.

30. Defendant Hanesbrands, Inc. manufactured through its CHAMPION® brand division the LOWER DECK SIDE jersey that is sold by defendant Coat of Arms, LLC. LOWER DECK SIDE is a term used to refer to LOWER EAST SIDE™.

31. Defendants' manufacture and sale of caps and clothing items under Plaintiff's trademarks and/or closed related and equivalent variations of the same have cause "actual confusion" in the marketplace and will continue to cause confusion as to the source of the clothing goods under such marks.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

32. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 31 of this Complaint.

33. The use in commerce by Defendants of an identical and slightly identical version of Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of defendants' goods and services. Such use by defendants constitutes a clear and direct infringement of Plaintiff's

rights in and to Plaintiff's registered trademark, and has resulted in injury and damage to Plaintiff that will continue if defendants are not ordered to cease all use of the LOWER EAST SIDE™ and LES NYC™ marks.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)

34. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 33 of this Complaint.

35. Plaintiff has the exclusive right to market, brand and provide clothing related goods using the LOWER EAST SIDE™ and LES NYC™ marks.

36. Defendants by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services. Defendants' activities already have confused the public into believing that defendants and Plaintiff's clothing goods and accessories come from one and the same source, and defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods.

37. Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

38. By reason of Defendants willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

39. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 38 of this Complaint.

40. Defendants conduct constitutes deception by which Defendants' goods will be palmed off as those of Plaintiff. Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

41. Defendants unauthorized use of Plaintiff's LOWER EAST SIDE™ and LES NYC™ marks are likely to continue to cause further confusion to the public as to the clothing goods and accessories of the respective parties.

42. By reason of the foregoing, Defendants have infringed and continue to infringe on Plaintiff's common law rights in the LOWER EAST SIDE™ and LES NYC™ marks and defendants have become unjustly enriched by such acts of infringement.

43. Defendants unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendants have reason to know of Plaintiff's rights.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

44. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 43 of this Complaint.

45. Defendants have unjustly retained profits from the sale of clothing goods bearing Plaintiff's LOWER EAST SIDE™ and LES NYC™ marks.

46. Defendants actions constitute unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1. Entry of an order and judgment requiring that all defendants, their subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term LOWER EAST SIDE™ or LES NYC™, or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark, domain name, URL, or any other indicia of origin including in whole or part the term LOWER EAST SIDE™ or LES NYC™, or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair competition and infringement which tend to injure Plaintiff's rights in the LOWER EAST SIDE™ or LES NYC™ marks.

2. That Defendants be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark Act.

3. That Defendants be ordered to deliver up for destruction any and all infringing materials bearing the LOWER EAST SIDE™ and/or LES NYC™ marks, and any colorable imitation thereof, in whole or part.

4. That Plaintiff be awarded punitive damages.

5. That Defendants be required to place advertisements or send notifications to past and present customers that it improperly has been using the LOWER EAST SIDE™ and/or LES NYC™ marks.

6. That Plaintiff be awarded the cost and disbursements of this action.

7. That Plaintiff have such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: October 26, 2011  
      New York, NY

Respectfully submitted,  
Robert G. Lopez – Pro Se

_____  
Robert G. Lopez  
Pro Se Plaintiff  
230 Clinton Street – Apt. #11C  
New York, New York 10002  
(917) 868-1698

# EXHIBIT A

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through October 24, 2011.

Selected Entity Name: COAT OF ARMS LLC
Selected Entity Status Information

**Current Entity Name:** COAT OF ARMS LLC
**Initial DOS Filing Date:** AUGUST 23, 2006
**County:** NEW YORK
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC LIMITED LIABILITY COMPANY
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
NAGHMAN CHAUDRY
43 CLINTON STREET
NEW YORK, NEW YORK, 10002

**Registered Agent**
NONE

This office does not require or maintain information regarding the names and addresses of members or managers of nonprofessional limited liability companies. Professional limited liability companies must include the name(s) and address(es) of the original members, however this information is not recorded and only available by viewing the certificate.

*Stock Information

| # of Shares | Type of Stock | $ Value per Share |
| --- | --- | --- |
| No Information Available | | |

*Stock information is applicable to domestic business corporations.

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through October 24, 2011.

Selected Entity Name: HANESBRANDS INC.
Selected Entity Status Information

**Current Entity Name:** HANESBRANDS INC.
**Initial DOS Filing Date:** AUGUST 07, 2006
**County:** ALBANY
**Jurisdiction:** MARYLAND
**Entity Type:** FOREIGN BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207-2543

**Chairman or Chief Executive Officer**
RICHARD NOLL
1000 EAST HANES MILL ROAD
WINSTON SALEM, NORTH CAROLINA, 27105

**Principal Executive Office**
HANESBRANDS INC.
1000 EAST HANES MILL ROAD
WINSTON SALEM, NORTH CAROLINA, 27105

**Registered Agent**
CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207-2543

This office does not record information regarding the names and addresses of officers, shareholders or directors of nonprofessional corporations except the chief executive officer, if provided, which would be listed above. Professional corporations must include the name(s) and address(es) of the initial officers,

# EXHIBIT B







